On Motion to Dismiss.
Egan, J.
The appellee moves to dismiss this appeal; first, because the court is without jurisdiction ratione materice, the plaintiff having in his petition fixed his damages at $200; second, because plaintiff had obtained a former order of appeal which he had not presented, and has therefore abandoned and can not renew his appeal. As to the first ground ; the petition alleges that plaintiff has been damaged to an amount far exceeding two hundred dollars, and an affidavit accompanying the application for appeal places the amount of his damages or interest in this suit at over $500. See Crescent City Live Stock Landing & Slaughterhouse Co. vs. John Larrieux, and same vs. Wm. Cecil Kenner, recently decided.
The proceeding is not for the recovery of money, but for restoration to all relator’s alleged rights and privileges as a member of defendant congregation. As to the second ground; the former application was for a suspensive appeal only We agree with the court in French, Adm., vs. McVay, tutor, 21 A. 192, that a suspensive and devolutive appeal may as well be granted by separate as by the same order, and that the failure to perfect the suspensive appeal does not preclude a subsequent devolutive appeal. There was no bond filed for suspensive appeal, and the jurisdiction of this court never attached. There was therefore no ap *206 peal to abandon. If unable or unwilling to give bond for suspensive appeal, the plaintiff who had never before obtained an order for a devolutive appeal had a right to apply for and obtain it at any time within the delays of the law. It might have been otherwise had he once filed his bond for appeal on motion in open court and then failed to file or prosecute it.
The motion to dismiss is overruled.